## ORSON P. KÉLLOGG
### v.
## JAMES H. KEELER.

*Agency—Authority to Sell for Stipulated Price—Sale for Larger Sum —Evidence.*

Authority to an agent to sell at a stipulated figure does not amount to a contract to give him all he receives above that sum.  It is still his duty to obtain the highest price for which the property will sell and account to his principal for the proceeds.

[Opinion filed September 18, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. STERN & ERRANT, for appellant.

Mr. JOHN C. SCOVEL, for appellee.

GARNETT, J.   This was an action of assumpsit by appellee against appellant, judgment being given for $750 against appellant, from which he appeals.   In the summer of 1886 Keeler sold to Kellogg four lots in Chicago for $6,400.   The transaction was not closed by deed until late in October of that year.   Before the delivery of the deed to Kellogg the lots were again sold by Keeler to one Hill for $7,550.   The latter sale was made, as Keeler now claims, by authority of Kellogg.

In his evidence Keeler says, when he agreed to let Kellogg have the property for $6,400, he told him he would let him have it if he would allow him (Keeler) to re-sell it for him; that Kellogg said if he made $100 a lot profit he would be satisfied; that he (Keeler) told him he thought he could sell it for that before he got the deed, as property was advancing. That authority given to sell the lots for $6,800 is, to some extent, corroborated by the evidence of Hoffman, a witness for appellee. But there is no evidence in the record tending to support appellee's claim that he is entitled to the difference between $6,800 and $7,550. To maintain that proposition he testified to a conversation with appellant some months after he was given authority to sell, when he put certain questions to appellant for the purpose of securing an admission that he was to have all he sold the lots for above $6,800. But Kellogg made no such admission, nor does any witness testify that such was the contract. There is, in fact, nothing in the record that warrants appellee's contention. Authority to an agent to sell at a stipulated figure does not amount to a contract to give him all he sells for above that sum. Kerfoot v. Hyman, 52 Ill. 512. It is still the duty of the agent to make the property bring the highest price that can be obtained, and account to his principal for the whole sum less his reasonable compensation.

The only evidence as to what was a reasonable compensation on such a sale tended to prove that the highest reasonable charge would be a much less sum than $750.

There being no evidence to support a verdict for $750, the judgment is reversed and remanded.

*Reversed and remanded.*