James N. Huston, Plaintiff in Error, v. W. B. Pusey,
Defendant in Error.

Gen. No. 7,720.

BROKERS—*right to retain excess over named price.* Where a real es-
tate broker, commissioned to sell certain land for a price fixed by the
owner under representations by the broker that no greater price could
be obtained, sold such land for a higher price, it was error to direct a
verdict for defendant in the owner's action against the broker to re-
cover such excess, there being no proof of an agreement that the broker
should retain such excess, and the owner not having been advised, at the
time he made the deed, as to the amount for which the land was actually
sold.

Error by plaintiff to the Circuit Court of La Salle county; the Hon.
EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October
term, 1926. Reversed and remanded. Opinion filed January 20, 1927.

ROBERT C. CARR, for plaintiff in error.

KELLY, KELLY & KELLY, for defendant in error.

MR. JUSTICE JETT delivered the opinion of the court.
James N. Huston, plaintiff in error, brought suit
against W. B. Pusey, defendant in error, to recover
$213 alleged to be due him as a part of the selling
price on the sale of real estate. At the close of the
evidence on the part of the plaintiff in error, the court
directed a verdict in favor of the defendant in error
and this writ of error was sued out by plaintiff in
error.

For the purposes of this opinion the plaintiff in
error will be referred to as plaintiff and the defendant
in error as the defendant.

The evidence shows that the plaintiff was the owner
of a piece of real estate, and placed it in the hands
of the defendant as real estate agent to sell. It ap-
pears that there was a controversy between the plain-
tiff and the defendant as to the price. Plaintiff stated
that he wanted $500 for the property and the defend-

ant told him he could not sell it for that amount. There was then some talk about the plaintiff accepting $400. The defendant said he could not get $400 for the property. It was finally agreed that the property should be offered for $350. The plaintiff was willing to accept $350, as the defendant insisted he could not sell the property for $400. There was no contract between the parties as to any commission or what the commission should be. Subsequently, the defendant notified the plaintiff that he had sold the property for $350, and a deed was executed by the plaintiff. The defendant stated at the time the deed was executed that he did not remember the name of the purchaser. Plaintiff received the $350, as the selling price. Some time later the plaintiff learned that the defendant had sold the property for $600. The plaintiff had a conversation with the defendant in which he admitted he received $600 for the property.

The sole question in this case is whether or not the court properly directed a verdict in favor of the defendant at the close of the evidence for the plaintiff. The evidence does not show that there was an agreement that the defendant should receive all of the sale price over and above $350. The defendant did not, at the time the deed was made, reveal to the owner that he had sold the property for more than $350.

An agent is bound to show the utmost good faith to his principal, and must disclose to him all facts relating to the agency. Any personal benefit obtained at the expense of his principal must be accounted for by the agent. *Stemm v. Gavin,* 255 Ill. 480-486.

It is well settled that an agent employed to sell land cannot himself become a purchaser, and he is held to the strictest fairness and integrity, and bound to act in the utmost good faith, so that if he is authorized to sell land at a fixed price, and sells it for a greater price, he must account to his principal for the excess. *Kerfoot v. Hyman,* 52 Ill. 512-514.

"Authority to an agent to sell at a stipulated figure does not amount to a contract to give him all he sells for above that sum. * * * It is still the duty of the agent to make the property bring the highest price that can be obtained, and account to his principal for the whole sum less his reasonable compensation." *Kellogg v. Keeler*, 27 Ill. App. 244-245. The evidence shows that the defendant informed the plaintiff that he could not sell the property for more than $350 and at the same time the defendant had an advertisement in a newspaper in which he was attempting to sell it for $600, and as a matter of fact did sell the property for $600.

From the facts as disclosed by the record the defendant did not show the utmost good faith to his principal and did not disclose to him all facts relating to the agency. Whether he was guilty of fraud and whether he did make full disclosures were questions of fact which should have been submitted to the jury. We are of the opinion the evidence on behalf of the plaintiff was sufficient to have the case passed upon by the jury. The court was in error in directing a verdict for the defendant and the judgment is reversed and the cause remanded.

*Reversed and remanded.*